IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUAN POZORROW SCOTT, SR.                                               PLAINTIFF

V.                                        CIVIL NO. 4:12-cv-04038

CAPT. JOHNNY GODBOLT; and
SGT. MACK DUNHAM                                                      DEFENDANTS

## ORDER

Plaintiff Juan Scott filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 23, 2013. ECF No. 1. Now before the Court is Defendants' Motion to Dismiss. ECF No. 23. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 19. Pursuant to this authority, the Court finds this Motion is ready for decision and issues this Order.

## I.      BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Jail ("HCDC"). In Plaintiff's Complaint, he alleges the cold air in his cell at the HCDC caused his hands to swell and deform, and he was denied medical attention for this condition. ECF No. 1.

On February 11, 2013, Defendants filed a Motion to Compel seeking an Order compelling Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production. ECF No. 20. In this Motion, Defendants represented that Plaintiff failed to respond to discovery requests. On May 23, 2013, the Court granted the Motion to Compel and ordered Plaintiff to respond to Defendants' discovery requests by June 12, 2013. ECF No. 22. This Order also

1

advised Plaintiff that failure to respond to the discovery requests may result in dismissal of this case.

On June 17, 2013, Defendants filed the instant Motion to Dismiss informing the Court that Plaintiff failed to comply with the Court's May 23, 2013 Order and produce requested discovery. Defendants moved to dismiss based on Plaintiff's failure to comply with the Court's order. Plaintiff did not respond to Defendants' Motion.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th

Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.    DISCUSSION

Plaintiff has failed to comply with the Court's May 23, 2013 Order.  Plaintiff has also failed to prosecute this case.  He has failed to respond to Defendants' Motion to Dismiss, and he has not communicated with the Court since filing his Amended Complaint on April 30, 2012.

Further, the Court has not received any mail sent to Plaintiff's address of record returned as undeliverable.  This leaves the Court to presume that Plaintiff received the Court's May 23, 2013 Order and willfully failed to comply.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b); *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local and Federal Rules and the Court's Orders, and failed to prosecute this action.

**IT IS SO ORDERED this 11th day of March 2014.**

/s/ Barry A. Bryant_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

3